**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2311-17T1

ESTHER MILSTED,

     Petitioner-Appellant,

v.

LOCAL FINANCE BOARD,

     Respondent-Respondent.

_____

Submitted December 4, 2018 – Decided December 28, 2018

Before Judges Geiger and Firko.

On appeal from the New Jersey Department of Community Affairs, Complaint No. 17-013.

Esther Milsted, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Cameryn J. Hinton, Deputy Attorney General, on the brief).

PER CURIAM

Petitioner Esther Milsted, who served as the Chief Public Defender for the City of Hoboken (the City) during 2016, appeals a final decision of the Local Finance Board of the Department of Community Affairs (the Board), which imposed a $100 fine for violating the Local Government Ethics Law (the Act), N.J.S.A. 40A:9-22.1 to -22.25, by failing to file a 2016 Financial Disclosure Statement. We affirm.

By way of background, "local government officers" are required to annually file a "financial disclosure statement" by April 30th of each year. N.J.S.A. 40A:9-22.6(a)-(b). The financial disclosure statement discloses information about the local government official's sources of income, certain business interests, and real estate holdings in New Jersey. If found guilty by the Board of failure to file a financial disclosure statement, the local government official "shall be fined not less than $100 nor more than $500." N.J.S.A. 40A:9-22.10(a).

The term "local government officer" is defined as,

> any person whether compensated or not, whether part-time or full-time: (1) elected to any office of local government agency; (2) serving on a local government agency which has the authority to enact ordinances, approve development applications or grant zoning variances; (3) who is a member of an independent municipal, county or regional authority; or (4) who is a managerial executive employee of a local government

agency, as defined in rules and regulations adopted by the Director of the Division of Local Government Services in the Department of Community Affairs pursuant to the "Administrative Procedure Act," [N.J.S.A.52:14B-1 to -31], but shall not mean any employee of a school district or member of a school board[.]

[N.J.S.A. 40A:9-22.3(g).]

In turn, the term "local government agency" is defined as,

any agency, board, governing body, including the chief executive officer, bureau, division, office, commission or other instrumentality within a county or municipality, and any independent local authority, including any entity created by more than one county or municipality, which performs functions other than of a purely advisory nature, but shall not include a school board[.]

[N.J.S.A. 40A: 9-22.3(e).]

Managerial executives of a local government agency are considered local government officers. The Employer-Employee Relations Act defines "managerial executives" as: "persons who formulate management policies and practices, and persons who are charged with the responsibility of directing the effectuation of such management policies and practices . . . ." N.J.S.A. 34:13A-3(f).

N.J.A.C. 5:35-2.1(a) lists the positions that are considered managerial executives under N.J.S.A. 40A:9-22.3. Although chief municipal public

defenders are not specifically mentioned, department heads and municipal prosecutors are listed. N.J.A.C. 5:35-2.1(a)(7), (20). However, the Attorney General has determined municipal judges and municipal court personnel are not local government officials for purposes of the Act.[1]

Petitioner chose not to file a Financial Disclosure Statement for 2016. On February 24, 2017, the Board issued a Notice of Violation to petitioner for violating N.J.S.A. 40A:9-22.6. She was fined $100 and given thirty days to appeal. Petitioner requested an administrative hearing, contending she was not a local government officer within the purview of the Act. The appeal was transferred to the Office of Administrative Law (OAL) as a contested matter and assigned to an administrative law judge (ALJ).

Following a prehearing conference, petitioner and the Board cross-moved for summary decision under N.J.A.C. 1:1-12.5. The ALJ framed the issue as "[w]hether [p]etitioner is a Local Government Officer, as defined in N.J.S.A. 40A:9-22.3, and is therefore required to file an annual financial disclosure statement pursuant to N.J.S.A. 40A:9-22.6."

---

[1] Whether Municipal Court Judges and Municipal Court Personnel are subject to Local Government Ethics Law, Op. Att'y Gen. 91-0096 (Sept. 20, 1991), http://www.nj.gov/dca/divisions/dlgs/programs/ethics.html.

A-2311-17T1

After finding no material facts in dispute, the ALJ issued a written initial summary decision, in which he made the following findings of fact. Petitioner was hired by the City to serve as its chief public defender pursuant to a resolution adopted on January 4, 2016. Petitioner accepted the position as chief public defender and signed a Professional Service Agreement. Petitioner was an independent contractor, not an employee of the City.

Petitioner was advised by the City Clerk's Office sometime in 2016 that her position was listed by the Law Department as a local government official and that she was required to file a financial disclosure statement. The City Clerk filed a Local Government Officer – Roster with the Division of Local Government Services listing petitioner as a local government officer. Petitioner was listed as inactive as of March 22, 2017. The Local Government Officer – Roster also listed Katy Theurer, who was hired by the City as municipal public defender at the same time petitioner was hired as chief public defender. Ms. Theurer was listed as inactive as of March 20, 2015. City Ordinance Chapter 29A-1 does not list the public defender or chief public defender as a public official or municipal employee required to file financial disclosure statements.

Petitioner undertook her own review of the relevant law regarding the filing of financial disclosure statements and determined that she was not

required to do so. She did not file a financial disclosure statement for the year 2016.

The Local Finance Board issued Local Finance Notice 2016-07 and Local Finance Notice 2017-08, which set forth the requirements of the local government entity to maintain a roster of local government officers, and which set forth the filing requirements for local government officers regarding a financial disclosure statement, respectively. The Local Finance Board also delivers email reminders to the local government entity and/or municipal clerk.

The ALJ engaged in the following analysis.

N.J.S.A. 2B:24-3 states:

> . . . Any municipal court with two or more municipal public defenders shall have a "chief municipal public defender" who shall be appointed by the governing body of the municipality. The chief municipal public defender of a joint municipal court shall be appointed upon the concurrence of the governing bodies of each municipality. <u>The chief municipal public defender shall have authority over other municipal public defenders serving that court with respect to the performance of their duties</u>. (emphasis added).

> Further, City of Hoboken ordinance §39-2[3] describes the chief municipal public defender as follows:

There is hereby established within the Department of Human Services the Office [of] the Municipal Public Defender, the head of which shall be the Chief Public Defender.

There is no clear statutory, regulatory or case law which mandates a chief public defender file a financial disclosure statement. However, the local government entity, the City of Hoboken, determined that the position of chief municipal prosecutor is a local government officer who is required to file a financial disclosure statement. The City of Hoboken notified the Local Finance Board of this by filing a Local Government Officer – Roster, which included Petitioner as a local government officer.

Petitioner was aware of the requirement to file a financial disclosure statement and chose not to based upon her determination she was not required to do so. Petitioner had options to pursue other than filing. She could have resigned. She could have requested she be listed as inactive. She did not do so prior to receiving the notice of violation.

Determining who is a local government officer is a fact sensitive matter. A position by position analysis is required. See Attorney General Opinions 91-0090, 91-0092 and 91-0134. While it is not clear from the record what analysis The City of Hoboken used to determine that Petitioner is a local government officer required to file a financial disclosure form, it is clear they did make that determination. Accordingly the city notified the Local Finance Board. Based upon the determination by the City of Hoboken that Petitioner was a local government officer, and that she did not file a financial disclosure statement[.] The Local Finance

> Board issued a notice of violation and assessed a fine of $100.
>
> Petitioner argued that while she was the chief public defender she exercised no managerial authority. Nonetheless, Petitioner clearly had managerial authority pursuant to Hoboken City ordinance §39-2[3], and N.J.S.A. 2B:24-3. This is confirmed by her designation as a local government officer by the City of Hoboken. That she did not exercise that authority does not affect the designation as a local government officer.
>
> [(Footnote omitted).]

The ALJ noted petitioner did request to be listed as inactive in December 2016, and was listed as inactive on the Local Government Officer – Roster as of March 22, 2017.

The ALJ concluded petitioner was a local government officer in 2016 and was therefore required to file a financial disclosure statement. The ALJ found petitioner violated N.J.S.A. 40A:9-22.3, and affirmed the $100 fine imposed by the Board. No exceptions were filed to the initial decision of the ALJ. The Board adopted the initial decision of the ALJ with a corrective modification.[2] This appeal followed.

---

[2] The modification was limited to correcting the statutory citation to N.J.S.A. 40A:9-22.6.

On appeal, petitioner argues that: (1) the issue whether a municipal chief public defender is a Local Government Officer required to file a financial disclosure statement is a legal issue (not raised below); (2) as an independent contractor, a municipal public defender does not fall within the purview of the Local Government Ethics Law; (3) the ALJ erred in finding that a person's managerial authority is a sufficient basis to conclude she is a Local Government Officer; (4) the City's change in designation of petitioner on its roster of Local Government Officers from active to inactive for 2016 is controlling; (5) the public defender position is not included in the City's ordinance setting forth the officials required to file financial disclosure statements; and (6) public defenders should be exempt for the same reasons as judges and court personnel.

We begin by noting our review of administrative agency action is limited. In re Herrmann, 192 N.J. 19, 27 (2007). The standard for granting a motion for summary decision under N.J.A.C. 1:1-12.5(b) is "substantially the same" as the one governing a motion to a trial court for summary judgment under Rule 4:46-2. Contini v. Bd. of Educ. of Newark, 286 N.J. Super. 106, 121 (App. Div. 1995). A summary decision can be granted "if the papers and discovery which have been filed, together with the affidavits, if any, show that there is no genuine

issue as to any material fact challenged and that the moving party is entitled to prevail as a matter of law." N.J.A.C. 1:1-12.5(b).

While we review de novo an agency's determination that there are no genuine issues of material fact, we "strive to 'give substantial deference to the interpretation [the] agency gives to a statute that the agency is charged with enforcing.'" In re Application of Virtua-West Jersey Hosp. Voorhees for a Certificate of Need, 194 N.J. 413, 423 (2008) (quoting Saint Peter's Univ. Hosp. v. Lacy, 185 N.J. 1, 15 (2005)). "An administrative agency's final quasi-judicial decision will be sustained unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record." Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011) (quoting Herrmann, 192 N.J. at 27-28). Nonetheless, we are "in no way bound by the agency's interpretation of a statute or its determination of a strictly legal issue." Mayflower Sec. Co. v. Bureau of Sec., 64 N.J. 85, 93 (1973).

We affirm substantially for the reasons expressed in the initial decision issued by the ALJ, which was adopted by the Board. We add the following brief comments.

The City was required to appoint a chief municipal public defender having "authority over other municipal public defenders serving that court with respect

10

to the performance of their duties." N.J.S.A. 2B:24-3. The chief public defender serves as the "head" of the Office of the Municipal Public Defender. City Ordinance § 39-23. We conclude the chief municipal public defender is a managerial executive within the meaning of N.J.S.A. 34:13A-3(f). Therefore, petitioner was a local government officer under the Act. N.J.S.A. 40A:9-22.3(g)(4). Accordingly, she was required to file a financial disclosure statement for 2016. By choosing not to do so, she violated N.J.S.A. 40:9-22.6(a), subjecting her to a fine of no less than $100, N.J.S.A. 40:9-22.10(a).

We conclude the Board's decision is supported by substantial evidence in the record and is not arbitrary, capricious, or unreasonable.

To the extent we have not expressly addressed petitioner's remaining arguments, we deem them without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION